WALTER NEUSTADT.                          **491**

Judging from these sales alone, it appears that the property located at 234 East Fifty-third Street sold in July, 1913, for $1,250 less than the property located at 224 East Fifty-third Street did in April, 1906. The size of each lot was the same and the improvements were the same, so far as the record discloses. These sales indicate a decline in values of the property in the neighborhood of taxpayer's property from 1906 to 1913. We think that such evidence is entitled to as much weight as the estimate of an appraiser made in 1924 or 1925 of the value of property in New York City in 1913. At any rate, we do not consider that the evidence is strong enough to overrule the determination of the Commissioner as to the value of the property on March 1, 1913. The property was tenement property and was subject to wear and tear during the entire period 1903 to 1913.

---

### APPEAL OF WALTER NEUSTADT.

Docket No. 2896.   Submitted November 10, 1925.   Decided January 28, 1926.

*Walter Neustadt* pro se.
*John W. Fisher, Esq.*, for the Commissioner.

Before SMITH, JAMES, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency for the year 1919 in the amount of $1,096.15. The question in issue is whether the taxpayer is liable to income tax upon the difference between the cost of a share of stock purchased in 1919 and sold within the year at $9,900 more than the purchase price.

#### FINDINGS OF FACT.

The taxpayer is an oil and lease broker and a resident of Oklahoma. He filed an income-tax return for the year 1919, in which he stated that he was married and living with his wife on December 31, 1919, and that his wife did not make a separate return. In the return he claimed a deduction from gross income of an alleged loss of $3,333.33 upon the sale of one share of stock of the Hog Creek Oil Co., which share was purchased within the year for $100 and sold within the year for $10,000. The Commissioner has disallowed the deduction of the alleged loss of $3,333.33, and added to the gross income reported $9,900, representing the difference between the cost and the sales price.

In June or July, 1919, the taxpayer turned over to his wife the certificate for the share of stock in question, which certificate stood in his own name. He had promised to give her the share of stock some time prior thereto. The taxpayer's wife placed the certificate

in a bureau drawer, where it remained for some weeks. At the time she was living in New York City. On July 30, 1919, the taxpayer telegraphed to his wife as follows:

Shall I sell your one share of Hog Creek for ten thousand.

She replied on the same date:

Sell as cash can be reinvested advantageous.

The share of stock was sold at the price indicated and $10,000 was placed to the credit of Mrs. Dorris W. Neustadt in the Guaranty State Bank of Ardmore, Okla., on August 28, 1919. Against this account, increased by a deposit of $450 on October 15, 1919, checks were drawn on September 24 and October 14 for $9,000 and $1,050, respectively. These checks were signed by D. W. Neustadt in the handwriting of the taxpayer. The Guaranty State Bank knew at the time that the signature D. W. Neustadt was made by the taxpayer. . Securities purchased with the funds withdrawn were purchased in the name of the taxpayer's wife.

The certificate for the one share of Hog Creek Oil Co. stock always stood upon the books of said company in the name of Walter Neustadt. Under date of August 2, 1919, the certificate was assigned by Walter Neustadt to Dorris W. Neustadt, of Ardmore, Okla.

On or before August 1, 1919, there were certain reports in a number of newspapers that either the Standard Oil Co., the Sinclair Oil Co., or the Magnolia Petroleum Co., had offered to purchase the capital stock of the Hog Creek Oil Co. at the price of $13,333.33 per share.

#### DECISION.

The determination of the Commissioner is approved.

---

### APPEAL OF UNITED STATES TOOL CO.

Docket No. 4650.   Submitted October 13, 1925.   Decided January 28, 1926.

*Bernard Knollenberg, Esq.*, for the taxpayer.
*M. N. Fisher* and *J. T. Dortch, Esqs.*, for the Commissioner.

#### Before KORNER.

This appeal is from the determination by the Commissioner of a deficiency in income and profits tax for the year 1920 in the amount of $1,799.99. The portion of the deficiency here in controversy is approximately $1,300, and grows out of the disallowance of a deduction taken by the taxpayer on account of a bad debt.

#### FINDINGS OF FACT.

1. The taxpayer is a New Jersey corporation, with its principal office at Ampere, and is engaged in the manufacture of tools. Some